IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 3:13-CR-30012-001 and -002

CHARLES EDWARD ELLIOTT; and
NICHOLAS KRUG                                                               DEFENDANTS

## **ORDER**

The Court held a hearing on April 14, 2014, in the above-captioned matter. Defendant Elliot and Defendant Krug were present with their appointed counsel, Bruce Eddy and Phillip Moon, respectively. Assistant United States Attorneys Allison Bragg and Wendy Johnson appeared for the Government. During the hearing, the Court conducted an inquiry into Defendants' request to proceed *pro se* and ruled from the bench on the Government's pending motion to continue trial (Doc. 45) and motion to compel production of documents (Doc. 46). This order sets forth the Court's findings of fact and conclusions of law. To the extent this order differs from any oral statements of the Court at the hearing, the language of this order controls.

At the hearing, Defendants informed the Court that they each wanted to waive the right to appointed counsel and proceed *pro se*. The Court engaged in a colloquy with each Defendant to make sure that they were fully aware of the dangers and risks associated with self-representation. First, the Court addressed Defendant Krug. Defendant Krug was persistently evasive and refused to directly answer the Court's questions. Because of his obstructive behavior, the Court denied his request to proceed *pro se*. Second, the Court addressed Defendant Elliot. Defendant Elliot responded to the Court's questions and stated that he understood the dangers of self-representation. The Court determined that Defendant Elliot should be allowed to represent himself in this case. As

stated at the hearing, the Court APPOINTS Federal Public Defender Bruce Eddy as standby counsel for Defendant Elliot. Standby counsel is directed not to interfere with Defendant Elliot's preparation of his own defense; however, standby counsel may respond to Defendant Elliot's questions, provide advice when asked, and offer guidance regarding legal rules and procedure.

Next, the Court addressed the Government's second motion to continue trial (Doc. 45) pursuant to 18 U.S.C. § 3161(h)(3)(A). The Government represented that the primary alleged victim in this case, Ruthann Currence, is unavailable for trial on April 24, 2014 as she has developed a severe infection while recovering from surgery and her doctor has advised that she should not travel at this time due to the infection and the medication prescribed to treat it. Ms. Currence resides in California, and the Court finds that her inability to travel due to medical reasons makes her unavailable for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(3)(A). As Ms. Currence is the primary alleged victim in this matter, the Court also finds that she is an essential witness for purposes of the Speedy Trial Act. *Id*. Furthermore, Defendants stated that they do not object to the continuance. As stated at the hearing, the Court finds that the ends of justice served by allowing a continuance of this matter outweigh the best interest of the public and Defendants in a speedy trial, because otherwise an essential Government witness would be unavailable to testify. For these reasons, the Court ordered from the bench that the Government's second motion for continuance (Doc. 45) be GRANTED. This case will be reset for jury trial the week of July 14, 2014. The time from April 21, 2014 to July 14, 2014 is excludable for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A).

Finally, the Court addressed the Government's motion to compel (Doc. 46). The Government advised that Defendant Krug has refused to produce documents relating to this case that

fall within the scope of the Government's request for discovery.  The Court ruled from the bench that the Government's motion to compel (Doc. 46) be GRANTED.  <u>Defendant Krug is ORDERED to appropriately respond to the Government's discovery request by Wednesday, April 30, 2014.</u>

**IT IS SO ORDERED** this 15th day of April, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE